IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA MARIE MCDADE                                                       PLAINTIFF

v.                                  CIVIL NO. 20-cv-2131

ANDREW SAUL, Commissioner                               DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Lisa Marie McDade, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

    **I.**     **Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on April 5, 2018. (Tr. 11). In her applications, Plaintiff alleged disability beginning on September 15, 2015, due to: neuropathy in her feet, anxiety, diabetes, arthritis, problems with her arms and shoulders, insomnia, heart problems, high blood pressure, cholesterol, and carpel tunnel syndrome.  (Tr. 11, 228). An administrative hearing was held on September 23, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 11, 38-60).

On November 27, 2019, the ALJ issued an unfavorable decision. (Tr. 8-24).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: history of ovarian cancer, hypertension, neuropathy, type II

1

diabetes mellitus, degenerative disc disease of the cervical and lumbar spine, arthralgia of the hip and shoulder, and obesity. (Tr. 14-16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except the claimant could occasionally climb, stoop, crouch, kneel, and crawl. (Tr. 16-23).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as an escort vehicle driver. (Tr. 23). The ALJ found Plaintiff was not disabled from September 15, 2015, through the date of his decision. (23).

Subsequently, Plaintiff filed this action. (ECF No. 1). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18, 19).

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*,

258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given Plaintiff's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520.  While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

3

**III.   Discussion**

Plaintiff raises the following on appeal: 1) whether the ALJ erred in failing to adopt functional restrictions regarding Plaintiff's cervical degenerative disc disease and shoulder arthralgia, despite finding those impairments to be severe; and 2) whether the ALJ erred in his RFC assessment by failing to explain why consultative examiner Dr. Patel's opinion regarding Plaintiff's need for unscheduled breaks was not adopted in the RFC determination. (ECF No. 17).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

Plaintiff alleged impairments in her arms and shoulders in her initial disability report and continued to report difficulties stemming from pain in her neck and shoulders when trying to perform grooming tasks and chores around the home. (Tr. 54, 238, 260, 265, 268-69, 291,

4

294-99). Plaintiff sought treatment for left shoulder pain beginning in August of 2017, and at that point, was diagnosed with muscle strain. (Tr. 505-506). Plaintiff sought treatment for neck pain in March of 2018, and was diagnosed with muscle strain. (Tr. 555-556). Plaintiff had a Physical Consultative Examination with Dr. Nikesh Patel on July 21, 2018. (Tr. 570-72). While she reported shoulder pain and neck pain, a physical examination showed normal muscle strength and strong neck movements against resistance. *Id*. Dr. Patel's sole diagnosis was lower back pain, opining Plaintiff would be able to sit for a full workday with appropriate lumbar support and breaks for stretching as needed. (Tr. 572). Dr. Patel also opined Plaintiff would need to limit lifting of over 20 pounds due to decreased range of motion of her lumbar spine and tenderness of her lower back to palpation. (Tr. 583). While Dr. Patel noted that he had reviewed the available documentation in making his assessment, the medical history could not have contained all relevant information regarding Plaintiff's shoulder and neck impairments as radiological findings and new diagnosis were made after this date as her conditions worsened. (Tr. 581). The opinions of the nonexamining state agency medical consultants were rendered on July 31, 2018, and on March 8, 2019, before new evidence regarding the severity of her neck and shoulder impairments became part of the record. (Tr. 77, 159).

On November 19, 2018, Plaintiff was seen by Dr. Justin Walden who took in office X-rays which showed mild acromioclavicular arthritis, and diagnosed Plaintiff with bilateral shoulder scapular dyskinesia. (Tr. 1012-13). In August of 2019, Plaintiff was seen by Kara Baker, PA, for chronic neck and thoracic back pain and occasional paresthesia in both her hands. (Tr. 1059). She had increased pain in her left trapezius, and a physical examination showed decreased range of motion in her cervical back, with pain and tenderness in both her cervical and thoracic back. (Tr. 1060). Plaintiff was referred to a pain clinic and was given a

trigger point injection of a Lidocaine and Kenalog mixture in office. (Tr. 1076). The injection was noted to be well tolerated and followed by moderate pain relief. *Id*. Plaintiff had X-rays of her cervical spine on March 20, 2019 which showed near loss of cervical lordosis and multilevel degenerative disease. (Tr. 1063).

While the ALJ found Plaintiff's degenerative disc disease of the cervical spine and arthralgia of her shoulder to be severe impairments, he did not account for any limitations stemming from these impairments in his RFC. (Tr. 14, 16). The ALJ did not posses and therefore, could not have considered, any opinion evidence which took into consideration new treatment and radiological findings regarding Plaintiff's neck pain and shoulder pain occurring from August of 2019 through November of 2019. The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC.

On remand, the ALJ is directed to address interrogatories to an orthopedist requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. This opinion should specifically address Plaintiff's cervical spine and shoulder impairments and any limitations that may arise from these impairments. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and

specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV. Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 7th day of May 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE