IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA MARIE MCDADE                                                              PLAINTIFF

v.                                         CIVIL NO. 20-2131

ANDREW M. SAUL, Commissioner
Social Security Administration                                                 DEFENDANT

## ORDER

    Plaintiff, Lisa Marie McDade, appealed the Commissioner's denial of benefits, and on May 7, 2021, this Court remanded Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The matter is now before the Court with respect to Plaintiff's request for an award of attorney's fees.

**1.    Background**

    On July 13, 2021, Plaintiff filed a motion for an award of $5,963.35 in attorney's fees, costs and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 4.3 hours of legal work before the Court during 2020 at an hourly rate of $203, 24.6 hours in 2021 at an hourly rate of $206, and costs/expenses of $22.85. (ECF Nos. 22/23). Defendant responded on July 27, 2021, objecting to a portion of the hours claimed by Plaintiff. (ECF No. 27).

**2.    Applicable Law**

    Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the

1

government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.")  An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id*.  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A).  A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*.  A court may determine that

there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

**3.     Discussion**

As noted, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 24). Defendant does not contest Plaintiff's claim she is the prevailing party. The Court construes the lack of opposition as an admission that the government's decision to deny benefits was not "substantially justified" and finds Plaintiff the prevailing party.

Plaintiff requests total fee award in the amount of $5,963.35. This request includes 4.3 hours of legal work during 2020 at an hourly rate of $203, 24.6 hours during 2021 at the rate of $206 per hour, and mailing expenses of $22.85. These hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $203 in 2020 and a rate of $206 for 2021.

While Defendant does not object to the hourly rate claimed, it takes issue with 8.4 of the hours claimed by Plaintiff. Defendant objects to (a) the 14 hours claimed for preparing Plaintiff's appeal brief, arguing the transcript was only 1,067 pages and there were no complex or novel issues raised; (b) the 7 hours claimed to review Defendant's brief and prepare a four-page reply

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.

brief; and (c) the .8 hour billed to review the Court's Memorandum Opinion. Defendant requests the Court exclude compensation for at least 8.4 of these hours as excessive.

The Court observes that, in support of its objections, Defendant cites *Harderson v. Colvin,* 2016 WL 1021001 (W.D. Ark. March 14, 2016). U.S. District Judge P.K. Holmes there noted that, in the Court's experience and consistent with other courts addressing time spent brief writing, "the usual time claimed in cases involving issues that are not particularly complex or novel [] is fifteen (15) to twenty (20) hours." *Id.* (citations cleaned up). Harderson's counsel was awarded fees for 15 hours spent reviewing a 533-page transcript and preparing what this Court might describe as a routine brief of the relevant issues. Like *Harderson,* Plaintiff's issues were neither particularly complex nor novel, but Plaintiff's transcript was almost twice in length. The Court is not inclined to arbitrarily reduce Plaintiff's claimed brief writing time from 14 to 10 hours as this would, in the Court's opinion, represent a departure from Judge Homes' sound reasoning in *Harderson*. Defendant also asks the Court to reduce the time claimed for preparation of Plaintiff's reply brief from 7 to 3 hours. While Defendant correctly observes that the reply brief is only 3 pages with one exhibit, the Court finds the reply brief was well-written and persuasive. While discharging its obligation to carefully review requests for EAJA awards, the Court cannot engage in the kind of second-guessing required to conclude that Plaintiff's counsel should have conducted research and prepared her reply brief in 4, but not 7, hours. In so concluding, it is worthy of note that the entirety of the brief-writing hours claimed by Plaintiff was 21 hours, only modestly beyond the range identified with approval in *Harderson.* Finally, the Court will not reduce the time claimed for reading the Court's opinion; however, Plaintiff's counsel's exhibited legal skills do not suggest that 48 minutes would be necessary to read the Court's 6 ½ page opinion remanding

Plaintiff's case to the Commissioner, and **counsel is advised to make note of this fact when preparing future fee petitions.**

Based on the foregoing, the Court awards Plaintiff an attorney's fee award under the EAJA for 28.9 hours of legal work performed by her counsel during 2020-2021 at the respective rates of $203 (4.3 hours) and $206 (24.6 hours) along with recovery of Plaintiff's certified mailing fees in the amount of $22.85.  *See Jones v. Barnhart,* 2004 WL 2297857 (E.D. Ark. August 30, 2004) (claimant allowed to recover postage as a reasonable expense under the EAJA).  **The total of Plaintiff's fee award is $5,963.35, and this amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be award in the future.**  Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant.  However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel.  The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent a double recovery by counsel for Plaintiff.

IT IS SO ORDERED this 4th day of August 2021.

        */s/     Christy Comstock*
        CHRISTY COMSTOCK
        UNITED STATES MAGISTRATE JUDGE